Argued and submitted March 18, reversed April 27, 1981

In the Matter of the Compensation of
Dennis C. Kemery, Claimant.

**KEMERY,**
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(WCB No. 79-3851, CA 19347)

627 P2d 34

Wesley Franklin, Portland, argued the cause for appellant. On the brief were Jack Ofelt, and Franklin, Bennett, Ofelt & Martin, P.C., Portland.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause for respondent. With him on the brief were K. R. Maloney, General Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund Corporation, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant appeals from a determination by the Workers' Compensation Board (Board) that (1) the State Accident Insurance Fund Corporation (SAIF) properly denied responsibility for payment for psychological services rendered to claimant and (2) claimant was entitled to 15 percent unscheduled permanent partial disability for a low back injury, a reduction from the 30 percent awarded by the referee.

Claimant is a 35-year-old laborer with a high school education. He was working as a welding inspector on November 17, 1978, when he injured his lower back while bending to turn over a piece of welding. He underwent back surgery in December, 1978.

Previously, claimant had worked primarily as a welder until he injured his right shoulder in June, 1976; for that injury he received a lump sum award under the Federal Longshoremen's and Harborworkers' Act. After that shoulder injury in 1976, it was felt claimant could no longer do welding on a long-term basis. He was given a complete psychological evaluation by a psychologist, who also provided job counselling services. Thereafter claimant obtained a job as a welding inspector with his previous employer. However, after the back injury in 1978 that employer declined to rehire claimant. Another employer would not hire claimant because of the risk relating to his back. After additional job counselling, claimant obtained a job in September, 1979, as a welder inspector in a non-union shop, which paid lower wages than did the prior employer, a union shop.

Claimant testified that as a result of the back injury he could no longer turn over larger pieces of welding for inspection. Someone else had to do it for him. He is restricted by doctors from lifting more than 25 pounds and he cannot sit for more than an hour. In addition, he is subject to bending, twisting and stooping restrictions.

After claimant's 1978 back surgery, the attending orthopedic physician referred claimant for job counselling to the same psychologist who had provided him job counselling services after the 1976 shoulder injury. The psychologist testified that psychotherapy was necessary before he

could provide job counselling to claimant. The treatment consisted of 11 hours of therapy in which the psychologist helped claimant deal with his anxieties and fears concerning his employability. The psychologist testified:

"The research has indicated clearly, both research that I have done and others, that psychotherapy at a particular point in an injury is quite helpful in getting people to return to gainful employment, in dealing with the fears and anxieties and depression that are so very common with industrially injured workers."

By April, 1979, the psychologist began the job counselling itself. He recommended that claimant take radiography and ultrasonics courses, which he did. In June, 1979, claimant was examined at SAIF's request by a doctor who found that claimant, at that time, did not have any significant degree of psychiatric impairment.

■ With respect to the first issue, we reach a different conclusion from that drawn by the Board. The testimony is unrebutted that the psychotherapy sessions were reasonable and necessary before job counselling could begin. There is no contention that the psychologist was not qualified to provide the services which he did provide, given a proper referral. The referral from claimant's treating physician to a licensed psychologist for job counselling was sufficient to authorize preliminary therapy considered to be necessary, in the professional judgment of the psychologist, before job counselling could begin. If that were not the case, there would have been no point in referring claimant to a psychologist to find a job. The combination of the psychotherapy and the job counselling was successful. We conclude the therapy was a medical service for which the carrier was responsible. ORS 656.245. Also, because SAIF's denial was incorrect, the referee's award of attorney fees to claimant should be reinstated.

■ With respect to the extent of claimant's disability, the Board seems to rely, at least in part, on the fact that claimant had the same job title after the injury as he did before. That fact does not reflect adequately the further limitations on claimant's work activities that tended to make him a less useful employe from the standpoint of an employer — he needed assistance not needed by an employe

whose work activities were not restricted, which required a tolerant, if not sympathetic, employer. Considering claimant's age, education, skills and work exposure, ORS 656.214(5), we find claimant's loss of earning capacity to be properly measured by an award of 30 percent unscheduled permanent partial disability.

Reversed.